LOUIS J. CANALE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Canale v. Commissioner
Docket Nos. 9090-78, 3671-79.
United States Tax Court
T.C. Memo 1981-79; 1981 Tax Ct. Memo LEXIS 659; 41 T.C.M. (CCH) 948; T.C.M. (RIA) 81079; February 24, 1981. Louis J. Canale, pro se. Lewis J. Abrahams, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined deficiencies in petitioner's income tax in the amounts of $ 1,232.10 for the taxable year ended December 31, 1975, and $ 1,848.16 for the taxable yearended December 31, 1976. Some of the facts have been stipulated and are found accordingly. Petitioner resided in Brooklyn, N.Y., at the time he filed his petition herein. He filed his income tax returns for the taxable years involved with the Brookhaven Service Center. On his 1975 return,petitioner claimed a $ 4,200 deduction for taxes, broken down into allowed and disputed categories, as follows: Allowed per
Itemized deduction
Amount per
notice of
Amount in
for taxes
return
deficiency
dispute
State and local income
$ 2,600.00
$ 1,585.04
$ 1,014.96
Real estate
520.00
0
520.00
State and local gasoline
520.00
83.00
437.00
General sales
560.00
330.00
199.00
Totals
$ 4,200.00
$ 1,998.04
$ 2,170.96
*660 On his 1976 return, petitioner claimed a $ 5,500 deduction for taxes,broken down into allowed and disputed categories, as follows: Allowed per
Itemized deduction
Amount per
notice of
Amount in
for taxes
return
deficiency
dispute
State and local income
$ 3,600.00
$ 1,876.00
$ 1,724.00
Real estate
620.00
0
620.00
State and local gasoline
620.00
0
620.00
General sales
660.00
461.00
199.00
Totals
$ 5,500.00
$ 2,337.00
$ 3,163.00
On his returns, petitioner deducted medical expenses of $ 754.00 for 1975 and $ 854.00 for 1976, which respondent disallowed and petitioner now concedes. On his returns, petitionerdeducted interest expense of $ 1,400 for 1975, which respondent disallowed and which was not put in issue by petitioner. The burden of proof was on the petitioner. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. When the case was called for trial, petitioner offered no evidence to support any of the disallowed deductions, although he was given every opportunity to do so. [1] Accordingly, he has failed to carry his burden of proof, and respondent's determinations *661 must be sustained. Decision will be entered for the respondent. Footnotes
1. The record indicates that some of the taxes, which petitioner purportedly paid, were taxes for which his mother-in-law was obligated. Payment of otherwise deductible taxes which are not the obligation of a taxpayer are not deductible. Pounds v. United States,372 F.2d 342, 352 (5th Cir. 1967); Cramer v. Commissioner,55 T.C. 1125, 1130(1971); sec. 1.164-1(a), Income Tax Regs.↩